Albert WILSON, Appellant,

v.

STATE of Alaska, COMMERCIAL
FISHERIES ENTRY
COMMISSION, Appellee.

No. S–2591.

Supreme Court of Alaska.

March 24, 1989.

C. Michael Hough, Homer, for appellant.

Madeleine R. Levy, Asst. Atty. Gen., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

The issue in this case is whether a commercial fisher who failed to claim Availability of Alternative Occupations (AAO) points on his original limited entry permit application, and who never claimed prior to the closing of his application in 1979 that he was domiciled in Seldovia, Alaska, and hence entitled to AAO points, may, as a result of this court's decision in *Deubelbeiss v. Commercial Fisheries Entry Comm'n*, 689 P.2d 487 (Alaska 1984), now obtain a hearing on the issue of his domicile and AAO points.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 1975 Albert Wilson requested from the Commercial Fisheries Entry Commission (CFEC) an application for a limited entry permit for the Cook Inlet drift gill net fishery. The application, with eleven pre-printed points, was sent to him by the CFEC. It listed his mailing address, obtained from CFEC records, as Sun Valley, Nevada, and it was in Sun Valley that he received the form. Wilson returned the form without making any changes in his mailing address.

Wilson claimed a total of 20 points on his application, nine more than the CFEC had pre-determined. The CFEC made no pre-determination of Wilson's eligibility for AAO points. Wilson claimed no AAO points and indeed no points were available to residents of Sun Valley, Nevada.[1] The

---

1. In proceedings by Wilson to obtain an interim use permit, the CFEC found that "both before and after *Deubelbeiss,* no points are available to an individual domiciled in Sun Valley, Nevada." This finding was made after the CFEC decision on the AAO points claim, but before the decision

CFEC verified 15 points. Wilson disputed points not awarded on the basis of vessel ownership, and complained that the application placed too much emphasis on fishing in recent years. These disputes are not in issue in the case at bar.

Wilson had two more opportunities in 1975 to advance other point claims, but he took advantage of neither. He had yet another opportunity to do so. On May 11, 1978, the CFEC sent Wilson a letter informing him that he had until July 1 to submit evidence in support of additional point claims. Wilson did not respond. In February 1979 Wilson was informed that he had insufficient points to receive an entry permit.

In October 1982 Wilson, through his attorney, informed the CFEC for the first time that he was domiciliary at Seldovia, Alaska for all periods of time relevant to the permit application. Wilson remarked that he was entitled to AAO points awarded to residents of Seldovia, as well as participation points for 1963 and 1964. Sixteen points were needed to receive a limited entry permit for drift gill net fishing in the Cook Inlet fishery. Thus, Wilson needed only one additional point to receive a permit.

Persons domiciled in Seldovia have always been eligible for at least two of the maximum four AAO points.[2] Thus, had Wilson alleged in his original application that he was domiciled in Seldovia, and had that been proved, he would have been entitled to at least two points, and hence a permit.

Wilson requested that his original application be reopened to admit evidence of his participation points for 1963 and 1964 and AAO points as an applicant domiciled in Seldovia. This request was denied later the same month. Wilson did not appeal.

In May 1985, subsequent to and in light of this court's decision in *Deubelbeiss*, 689 P.2d 487 (Alaska 1984), in which this court held invalid CFEC's method of determining AAO points, Wilson wrote the CFEC again seeking to have his case "re-evaluated" on the ground that he appeared "clearly entitled to make claims" for AAO points. He did not claim that he should have been awarded points as an applicant domiciled in Sparks [Sun Valley], Nevada, had he applied for them, but rather that he should have been awarded points as an applicant domiciled in Seldovia. The CFEC responded that Wilson's case was inappropriate for review under *Deubelbeiss* because he had not claimed points as an applicant domiciled in Seldovia on his original application.[3] On this basis the CFEC hearing officer denied Wilson's request to reopen his application.

In June 1985 Wilson once again wrote the CFEC, making essentially the same argument he had in May. He claimed that he had not been awarded AAO points because the CFEC "evaluated Mr. Wilson on his residency at Sun Valley, Nevada." He again claimed that he had been a resident of Seldovia, although he "wintered" in Sun Valley, his "wintering-retirement" address. He again requested a hearing so that he could show why the CFEC "should not base its decision solely on the census records for Sun Valley, Nevada," the residence he alleges the CFEC used to evaluate his entitlement to AAO points. This request was denied by the CFEC hearing officer and the CFEC.

Wilson appealed the CFEC decision to the superior court, sitting as an appellate court pursuant to AS 22.10.020(d) and Ap-

---

of the superior court. Wilson has not challenged it.

**2.** The trial court found that Wilson would have been entitled to four AAO points as an applicant domiciled in Seldovia. A CFEC hearing officer remarked that persons domiciled in Seldovia were always entitled to the maximum of four points. The CFEC later so found in proceedings by Wilson to obtain an interim use permit. So does the CFEC state in briefing. However, it seems from the map attached to the application packet that persons domiciled in Seldovia were originally awarded only two AAO points. Wilson so contends. However, this dispute is irrelevant.

**3.** Following this court's decision in *Deubelbeiss*, the CFEC promulgated regulations for review of those applications affected by the decision. The instant case was stayed by agreement of the parties until after the regulations were completed.

pellate Rule 601(a). The superior court upheld the decision of the CFEC. Wilson appeals.

## II. DISCUSSION

Although Wilson makes arguments ranging from equity to equal protection, the sole issue as he frames it is the following:

The Superior Court erred in not concluding that Albert Wilson is entitled to have his claims for alternative occupation point claims made pursuant to the "Deubelbeiss" regulations considered, including a hearing on such claims.

The entire thrust of Wilson's argument is that he was domiciled in Seldovia, not Sun Valley, Nevada.

At the outset it should be noted that the CFEC did *not* pre-determine that Wilson was not entitled to AAO points because he was domiciled in Sun Valley, Nevada.[4] The

4. The Instructions for Completing Entry Permit Applications published by the CFEC on December 9, 1974, provides in part:

*Application Completion Procedures*

. . . .

If you requested an application by postcard you may have many of your points pre-printed on your application. Verify that they are correct. If incorrect, make corrections only after referring to the specific line number listed below. If there are 20 or more points pre-printed on your application and they have been verified by you, total the points on line 24 and skip directly to Part 3, Form A. If you requested a pre-printed application form but did not receive it by December 31, 1974, please contact the Commission.

Pre-printed applications only show points for active participation from 1969–1972 (lines 9–12), consistent participation from 1969–1972 (lines 15–18), investment in vessels and gear (line 19), and alternative occupations (line 21). No points are shown for participation as a gear license holder from 1965–1968, crewman credit, investment in gear only or set net side and gear, and income dependence. Our records may also be incomplete in those categories where points have been awarded, so check your records carefully. You may receive additional points.

*INSTRUCTIONS BY LINE NUMBER*

For every numbered line on Form A of the application form there is a corresponding explanation and/or instruction. The instructions for lines 9 through 23 of Form A cover the seven major sections of Parts 1 and 2. Instructions for each section are organized as follows:

*To Qualify for Points:* Describes the general requirements you must meet to receive points under a particular standard.

*To Receive Credit:* Describes the method for filling out the application to receive credit.

*Evidence Required:* Describes the evidence you must submit to verify the points you have claimed under a particular standard.

FORM A

Line 1. Print your full name if it is not pre-printed on the application form. If you are a senior or junior be sure to so indicate. If you have changed your name, please correct.

Lines 2–3. Print your correct mailing address if it is not pre-printed on the application form. Include your Zip Code. If the pre-printed address is in error, please cross out and correct. The address on Form A will be used to notify you of action taken on your application.

Line 21. Availability of Alternative Occupations.

. . . .

*To Receive Credit.* If you received a pre-printed application, make sure the address given under line 21 of Form A is correct and that you have received the proper number of points for the census district or county in which you lived. Maps of Alaska, California, Oregon and Washington giving the correct number of points have been provided at the end of these instructions. If our records do not contain your 1972 address, or if your domicile was not in one of the four states listed above, no information has been pre-printed on your application. If you have used an Alaskan address, but are not a resident of the state, no address has been pre-printed. To correct commission records or to claim points under this section, complete *Section 3 of Form C*. Make sure your name, Social Security Number and fishery for which you are applying appear on the top of Form C, above Section 1. Enter the address of your domicile on December 31, 1972, and the correct number of points in the space provided. Be sure to include the county or borough name in your address.

If your domicile was not in Alaska, California, Oregon or Washington, determine the correct number of points for which you qualify by referring to Table 43, *General Social and Economic Characteristics,* Series PC (1)–C of the 1970 U.S. Census. This publication is available from the Bureau of Census, U.S. Department of Commerce, for Bureau of Census, U.S. Department of Commerce, for each state. Copies can also be obtained at most local libraries, county seats, federal and state office buildings. . . .

"No information" was pre-printed on Wilson's application. No evaluation was made regarding Wilson's entitlement to AAO points, except that the CFEC did not have the information necessary to make an evaluation. The burden was on

application sent to Wilson at his request contained certain pre-printed points. The CFEC left the section for AAO points blank. Wilson claimed no AAO points when he returned the application, though he did claim additional points for gear investment and income dependence. The application instructions clearly identify line 2 as the applicant's *mailing* address, while line 21 is identified on the application and application instructions as the space for claiming AAO points. The CFEC has never ruled on the merits of Wilson's claim of Seldovia domicile, since it was not made until after his application was closed and finally determined. In fact, Wilson never made any claim for AAO points prior to 1982.

The Deubelbeiss regulation referred to by Wilson provides:

ADDITIONAL CLAIMS FOR AVAILABILITY OF ALTERNATIVE OCCUPATIONS POINTS. In accordance with the Alaska Supreme Court's decision in Deubelbeiss v. CFEC, 689 P.2d 487 (Alaska 1984), the commission will allow denied and pending applicants to claim points, additional to those that could have been claimed on their original application, for the availability of alternative occupations under 20 AAC 05.630(b)(4), 20 AAC 05.656(b)(4), 20 AAC 05.664(b)(2), 20 AAC 05.668(b)(2), 20 AAC 05.673(a)(3), 20 AAC 05.677(c)(2), 20 AAC 05.681(c)(5), and 20 AAC 05.682(c)(5). Claims may be made only under those sections, and must be received at the commission by March 31, 1986. Claims will be accepted only from eligible applicants who sub-

mitted timely applications for entry permits in the fisheries for which they are claiming additional points under those sections. The provisions of the regulations listed in this section govern all applications pending before the commission on, and after, the effective date of this section.

20 AAC 05.526 (Eff. 1/10/86). The relevant portion of this regulation is the provision allowing review of applications for those applicants who would receive additional points as a result of *Deubelbeiss.*

In *Deubelbeiss* this court held CFEC's system of awarding AAO points based on census districts violative of equal protection of law under article I, section 1 of the Alaska Constitution. This court reasoned that census districts were not designed to take into account community economic opportunities. 689 P.2d at 489–90. Using census districts was underinclusive because citizens of small towns who lived in populous districts were denied points. *Id.* At the same time, use of census districts was over-inclusive because citizens of larger, economically diverse locales who lived in less populous districts were unfairly awarded points. *Id.*

Wilson does not complain that he was denied AAO points on his original application because his domicile in Sun Valley, Nevada was impermissibly included in an underinclusive/overinclusive census district, nor has he heretofore claimed that under the Deubelbeiss regulations he would now be entitled to such points as a resident of Sun Valley, Nevada.[5] Instead,

---

Wilson to furnish the necessary information. He did not.

**5.** In his reply brief, Wilson makes the following statements in regard to his post-*Deubelbeiss* AAO claims:

Mr. Wilson made a timely claim [for AAO points] ..., claiming up to four points based on his domiciliary in Seldovia, and alternatively, up to four points for special circumstances if CFEC found Sun Valley, Nevada.... Additionally, Mr. Wilson claimed that he was entitled to at least one point for availability of alternative occupations based upon special circumstances even if CFEC found that Mr. Wilson's domiciliary was Sun Valley, Nevada.

The record citation does not support Wilson's assertion that he claimed *any* points as a person domiciled in Sun Valley, Nevada, nor does an independent review of the record disclose that Wilson claimed any points as a person domiciled in Sun Valley, Nevada, either before the CFEC or before the superior court. Since no such claim was ever asserted, neither the CFEC, the superior court nor this court can evaluate the plausibility of such a claim, and hence the justification for a hearing. There being no substantial or material issues raised by Wilson, there is no requirement that a hearing be held. *Estate of Miner v. Commercial Fisheries Entry Commission,* 635 P.2d 827, 834 (Alaska 1981). Further, issues not raised before the adjudicative body will ordinarily not be considered on

he complains that the CFEC did not consider his domicile to be Seldovia. But Wilson never argued to the CFEC, prior to its final decision regarding his application in 1979, that his domicile was Seldovia. Wilson failed to argue this in light of the fact that, regardless of *Deubelbeiss*, he would have received at least two AAO points had he alleged in his original application and proven that his domicile was Seldovia. One additional point would have been enough to obtain an entry permit. The CFEC argues that because Wilson originally stated that his domicile was Sun Valley, Nevada, his present request is actually one to submit evidence to show that his domicile was in fact Seldovia, and not a request to receive additional points under *Deubelbeiss*.

Wilson argues that the CFEC cannot rely on any action it took under the regulation declared invalid in *Deubelbeiss*, including reliance on an application form created to conform to those regulations, because the entire regulation is void *ab initio* as a result of this court's holding in *Deubelbeiss*. But this court in *Deubelbeiss* did not hold the entire regulation invalid. It only held invalid the provisions determining the number of AAO points based on census districts. In Alaska, severability applies. AS 01.10.030; *Lynden Transport, Inc. v. State*, 532 P.2d 700, 711 (Alaska 1975). Wilson does not claim to have declared his domicile as Sun Valley, Nevada, because of the illegal use of census districts to determine AAO points. Instead he claims in passing to have been misled by instructions on the entry permit application form. *Deubelbeiss* did not address this issue and cannot be relied on now by Wilson to receive a new hearing.

Wilson had an adequate period of time to argue he was domiciled in Seldovia prior to the closing of his application in 1979.[6] He also had an incentive to make this argument; had he been awarded the two points to which he was entitled using a method later held to be unconstitutional, he would have received a limited entry permit. This court has in the past upheld reasonable filing deadlines against due process challenges. *See Silides v. Thomas*, 559 P.2d 80, 89 (Alaska 1977).[7]

Also as a result of this resolution, Wilson's equal protection claims fail; Wilson is not a person affected by *Deubelbeiss* and therefore the state need not treat him the same as those people who are affected by *Deubelbeiss*.

### III. CONCLUSION

Wilson seeks an untimely amendment to his original application. *Deubelbeiss* does not apply where the applicant was not originally injured by the unconstitutional provisions. The decision of the superior court is AFFIRMED.

appeal, *Matter of L.A.M.*, 727 P.2d 1057 (Alaska 1986), particularly when their resolution depends on new or controverted facts. *State v. Northwestern Construction, Inc.*, 741 P.2d 235, 239 (Alaska 1987).

**6.** Wilson originally submitted his application in 1975 claiming 20 points, a sufficient number to receive a limited entry permit under any circumstances. He therefore might not have had incentive to claim additional points until he was notified in July of 1975 that the CFEC had recognized only 15 points as qualified. However, he then had three years, from July 1975 to July 1978, when his application was closed, to argue for additional points.

**7.** The text of the CFEC regulation promulgated in response to *Deubelbeiss* could be read to permit the reopening of all applications denied under the pre–*Deubelbeiss* regulations to the ex-

tent that the new regulations enable the applicants "to claim points [ ] additional to those that could have been claimed on their original application." 20 AAC 05.526. If the regulation is so read, Wilson might be entitled to apply for two AAO points despite his failure to apply for AAO points initially.

The regulation should not be so read. It states that it was adopted "[i]n accordance with ... Deubelbeiss." *Id. Deubelbeiss* was not intended to benefit those who were denied entry permits on the basis of their failure to claim available points. Read in this light, the regulation provides an additional application period only to those applicants who were adversely affected by the pre-*Deubelbeiss* regulations. Thus, 20 AAC 05.526 does not require the CFEC to reopen Wilson's application.